# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2362

_____

United States of America,    *
                             *
         Appellee,           *
                             *  Appeal from the United States
    v.                       *  District Court for the
                             *  District of Nebraska.
Rashad McKay, also known     *
as Rashod McKay,             *  [UNPUBLISHED]
                             *
         Appellant.          *

_____

Submitted:  November 7, 2008
    Filed:  November 17, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rashad McKay appeals the district court's[1] denial of his Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence. McKay, along with his codefendant Sterling McKoy, was convicted in June 2004, following a jury trial, of conspiring to distribute cocaine base.  This court affirmed the conviction, in part rejecting a challenge to the sufficiency of the evidence. See United States v. McKay, 431 F.3d 1085, 1087-89, 1094 (8th Cir. 2005).  McKay submitted

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

four exhibits with his Rule 33 motion, arguing they showed that some of the witnesses who testified against him at trial had recanted their testimony and admitted that they had committed perjury.

We conclude the district court did not abuse its discretion in denying McKay's motion. See United States v. Duke, 255 F.3d 656, 659 (8th Cir. 2001) (standard of review; requirements to justify new trial under Rule 33). Of the four documents McKay submitted, only two were from witnesses who testified against him at trial. One document is a page from a letter written by witness Kevin Birdine to his friend Jerome Daniels, in which Birdine apologized to Daniels for testifying against him in another trial, but did not indicate that his testimony was untruthful. The other is an unsigned statement purportedly from witness Levi Brown, indicating that he gave testimony against codefendant McKoy that was untrue in order to receive a sentence reduction. Brown, however, signed an affidavit stating that he had never seen the statement and would not have signed it because he testified truthfully at trial. This evidence falls far short of that required for a new trial. See United States v. Dogskin, 265 F.3d 682, 685, 687 (8th Cir. 2001) (evidence insufficient for new trial where it is not material and not likely to produce acquittal; recantation is looked upon with suspicion). Further, the district court did not err in declining to conduct an evidentiary hearing. See id. at 687 (absent exceptional circumstances, new trial motion based on new evidence may be decided on affidavits without hearing).

The judgment is affirmed.

_____